UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                                      Civ. No. 16-396 RB/GJF
                                                                                     Crim. No. 06-706 RB

VICTOR CLAY RICHARDSON,

    Defendant-Movant.


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On May 3, 2016, Defendant Richardson filed a "Motion for Sentence Modification under 18 U.S.C. § 3582(c)" ("Motion"). ECF No. 1. In the Motion, Defendant asserted that at least one of his prior convictions on which the district court relied in sentencing him under the Armed Career Criminal Act, 18 U.S.C. § 924(e), was now invalid in the wake of *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Id.* at 1.[1] The United States Court of Appeals for the Tenth Circuit authorized the filing of the Motion as a second or successive motion under 28 U.S.C. § 2255. ECF No. 4. On July 12, 2016, the United States filed its response in which it conceded that *Johnson* dictates that Defendant's prior Texas state burglary conviction can no longer be considered a "violent felony" under 18 U.S.C. § 924(e)(2)(B). *Id.* at 3-5.[2]

---

[1] The United States Supreme Court recently held that the rule announced in *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S.Ct. 1257 (2016).

[2] On July 25, 2016, Defendant filed a reply in which he asserted that none of his prior convictions qualify as "violent felonies" under the Armed Career Criminal Act. ECF No. 13. Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts implies that a reply will not be filed unless a time for doing so is "fixed by the judge." No such time was fixed in this case, nor did Defendant seek permission to file a reply. In addition, it appears that Defendant has made new arguments in his reply that were not raised with anything approaching sufficient specificity in his opening motion. That no doubt is because the original motion was filed *pro se*, whereas the reply was filed by a licensed and practicing attorney. Regardless, the Court will not consider the new arguments raised for the first time in the reply brief. Instead, the Court will recommend that Defendant be resentenced solely on the narrow ground conceded by the United States – that his prior Texas state burglary conviction no longer qualifies as a "violent felony" for the purposes of the Armed Career Criminal Act.

1

After an independent review of governing law, I agree with the United States that Defendant is entitled to resentencing based on *Johnson*. I recommend that the Court grant the motion, vacate Defendant's sentence, order that a new presentence report be prepared, and set this case for resentencing.

Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to Section 636(b)(1)(c), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court for the District of New Mexico. A party must file any objections within the fourteen-day period allowed if that party wants appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE